UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JASON D. BELL, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:19-CV-388-TAV-HBG |
| P.A. HOLT, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Defendant P.A. Holt has filed a motion for summary judgment seeking dismissal of this pro se prisoner's complaint for violation of 42 U.S.C. § 1983 based on Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") [Doc. 14]. Plaintiff has failed to file a response to the motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1. Upon consideration of the parties' pleadings, the competent summary judgment evidence, and the applicable law, the Court finds that summary judgment should be **GRANTED**, and this action should be **DISMISSED**.

## I. ALLEGATIONS AGAINST DEFENDANT

Plaintiff was arrested on July 18, 2019, and jailed at the Roger D. Wilson Detention Facility [Doc. 7 p. 3-4]. At that time, he had a fractured orbital socket and broken jaw [*Id.*]. Plaintiff received free-world surgical care in August 2019 and was released from care with prescriptions for Ibuprofen and a medication that was to be taken ten (10) times per day to prevent eye hemorrhaging [*Id.*]. Plaintiff did not receive his medications as prescribed,

and he repeatedly requested medical treatment [*Id.*]. Defendant P.A. Holt denied him evaluation and treatment, and as a result, Plaintiff experiences headaches and pain in his jaw [*Id.* at 4-5].

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is deemed "material" if resolving that fact in favor of one party "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To establish an entitlement to summary judgment, the moving party must demonstrate that the nonmoving party cannot establish an essential element of his case for which he bears the ultimate burden of proof at trial. *Celotex*, 477 U.S. at 322; *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993).

Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate by setting forth specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 323; *Anderson*, 477 U.S. at 249. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then there is a genuine dispute as to a material fact. *Anderson*, 477 U.S. at 248. If no proof is presented, however, the Court does not presume that the nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n.*, 497 U.S. 871, 889 (1990)).

## III. DISCUSSION

The PLRA requires prisoners to exhaust all available administrative remedies prior to filing suit under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding "that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). Administrative exhaustion is mandatory, regardless of the type of relief sought, or whether such relief can be granted through the administrative process. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

In his amended complaint, Plaintiff admits that there is a prisoner grievance procedure at the Roger D. Wilson Detention Facility and alleges that he presented the facts relating to his complaint in the prisoner grievance procedure [Doc. 7 p. 2]. However, this contention is directly contradicted the affidavit of the Debbie Cox, Assistant Facility Commander at the Roger D. Wilson Detention Facility, and the records attached thereto [*See* Doc. 14-1]. Instead, according to the competent summary judgment evidence, Plaintiff filed two (2) grievances while housed at the facility, but neither mentioned the denial of medical care [*Id.*]. Therefore, Plaintiff did not properly exhaust his available administrative remedies for the alleged denial of medical care prior to filing the instant suit, and Defendant Holt is entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment [Doc. 14] will be **GRANTED**, and this action will be **DISMISSED WITHOUT PREJUDICE**. Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff should be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE